24-748 Jennifer Arroz v. New Albany Company And I understand we have Mr. Edelstein. Is that right? Yes, Your Honor. And you'd like to reserve three minutes for rebuttal. Yes, Your Honor. Very good. You may proceed whenever you're ready. Okay. Good morning, Your Honors. I'm Jonathan Edelstein. I represent the Plaintiff Appellant, Jennifer Arroz. Starting with the res judicata issue, I expect that many of my opponents' arguments are going to be procedural, so I would like to begin there. First of all, as to preservation of the issue regarding the release. How was it preserved? I mean, you're asking that. I'd like to know directly how you preserved that issue. Well, the District Court Counsel made a submission of additional authorities to the District Court, which contained a detailed argument with citation to two cases which were attached to that letter. And it contained four paragraphs explaining that there was a release, which was the exact same release that was at issue in those cases, and that I didn't even understand those cases to be specifically raising the issue of contract preclusion and release. They were cases that involved releases, and they were cases that were granted. But I didn't see that those cases, even if citing cases were enough, those cases actually raised the issue you're raising now. Well, those cases didn't explicitly use the words res judicata. But they did involve preclusion issues in which Prince Andrew and in which Deutsche Bank argued that the action against them by Epstein victims were precluded by the releases. But how could the District Court have focused on that issue and have spoken to that issue in a way that we want to have done before the case comes up to us? The District Court never talked about it. It acted as if it wasn't there. How can we say now, gee, this issue was one, and boy, it's an interesting issue. We should certify it. I think that the answer to that is that the District Court in a minute entry accepted the plaintiff's supplemental letter submission into the record. And that even if the District Court didn't address this issue in its decision, it's still part of the record. And we cited cases at pages four to five of the reply brief in which supplemental letter submissions were found to have preserved issues. Can I just ask then, just to clarify, you were talking about the letter that we can find at page 919 of the appendix, correct? 918 through 920. Okay. Is there any other part of the record that you would direct us to in which you claim to have preserved this issue? There is not, Judge.  May I ask, is the settlement agreement on which is the basis of your argument even in part of the District Court record? It is not, Judge, and that's actually what I was about to get to. On that issue, this court has held in many cases, including the Esquire case, which both sides cite, that the burden of proving res judicata is on the party asserted. And also, the defendants here were on notice that in the first state action against the Epstein Estate, which they were unquestionably aware of, there's a document in the NICEF docket that Ms. Arrows is participating in the Epstein victims compensation program. And then the next item in the docket is the dismissal. So we would submit it's not rocket science to infer that if someone is participating in a settlement program, and that the lawsuit is then dismissed, that there's been a release. That the defendants who have the burden of proving that the release includes them could have demanded the release during discovery. All of your briefing prior to pages 918 to 920 treated the res judicata issue under traditional principles of res judicata, correct? You never in the earlier briefing suggested that was the incorrect framework for viewing it, correct? Yes, I would agree, Judge, that the way that the District Court counsel presented this issue was not ideal. So what I'm struggling with is your argument that your opponent should have intuited that you, your side, not you personally. But your side had a better argument that could have been made and that they were called upon to then respond to the better argument that your predecessor did not make. That seems to be what your argument amounts to. Actually, Judge, what I'm arguing is that they have a threshold burden. They are the parties seeking- But what does it mean to say a threshold burden if they meet the argument on their threshold burden that you are making? And they don't meet an argument to meet their threshold burden that you haven't made. Now, you know, if we required people who had a burden to meet all the arguments that haven't yet been made, we'd have incredible briefs. We'd go mad. Judge, they were the moving party. I mean, we had no obligation to make any arguments until they made theirs. And if they were on notice that there's a release or that there even could be a release, it's their obligation to address the effect of the release on res judicata. That's what the Esquire case said, that it was up to the defendants who were seeking to invoke preclusion to prove that the release was intended to release them, that this was something that the defendant, being on notice of, could have demanded. If there were issues regarding confidentiality, they could have demanded that it be produced under a protective order or sought on sealing. And then when, in the supplemental letter submission, the plaintiff stated that there was a release in this case, which was exactly the same as the release in the Prince Andrew Doe case, then they could have responded to that letter. They had an opportunity to respond. May I just ask this before your time runs out? You have not challenged at all the application of traditional res judicata principles in this appeal. Your entire basis is the settlement agreement. No, we did raise the alternative agreement that was raised below, that there were newly discovered facts that came out after the filing. You said there was new evidence, new facts that came in. Yes. You said that there were new facts. I haven't quite found what they were, but you did make the argument. Well, Judge, we cited to the pages of the papers below where there were several pages of bullet points detailing those new facts, when they came out, and how they were discovered. So I would submit that's what the new facts were. Okay, let me just, are there any questions right now? You've reserved three minutes for rebuttal. You're free to use some of that three minutes now if you'd like, or you can hold onto it for rebuttal. Your option. No, Judge, I'll reserve the three minutes.  We'll see you again. Yes. Thank you very much. Why don't we hear from counsel for the appellees, Mr. Little. May it please this Court, Marion Little on behalf of the appelees. Yeah, you can take a second if you want to adjust the microphones. That button sticks a little bit. You have to push it hard. The burden of being 5'5", Your Honor. Let me address the point head on. It really wasn't simply a failure to perfect the issue in the record. It was simply a waiver. To go to the Court's question, not only did they fail to perfect it by not raising the argument, fail to perfect it by offering any evidence in support of the position, they actually argued within the confines of traditional race judicata. So why would the district court, or even the defendants, have reason or cause to believe there's some other issue or concern here? Now, counsel suggests that we are somehow on notice that the settlement agreement must have existed and we should have anticipated their argument for them and then addressed their argument on the assumption they were going to present it at some point in time. Well, when you consider the record here, the district court was very generous. The amended complaint, which is the operative pleading here, was filed a year and a half after the initiation of this action. There was ample time at that point in time for the plaintiff to marshal those facts and present the arguments. But even more so, there had been a status conference with the district court and the district court admonished the attorney below. You really need to give serious consideration about what you're alleging here because your original pleading doesn't make sense. So go back, take another opportunity, and think through this process. And by the way, Mr. Little, at the district court level, raised the issue of, Judge, we think we have a race judicata issue because we discovered there had been this prior state law action. And we think race judicata is going to attach, Your Honor. And the district court said, That sounds like a pretty good argument. And again, gave the warning to the plaintiff. So this is not a plaintiff that was surprised by anything. If anyone's surprised, it's the surprise of the district court after the fact, maybe this court and certainly the defendants, that after a case had been pending for two plus years in the district court, that the appellant will appear before this court and say, Somehow I didn't get a fair shot. Well, I submit to you that the plaintiff had her fair opportunity, had more than a fair opportunity given the admonitions provided by the district court. Quite frankly, I don't know what else the district court should have done or could have done other than write the complaint for the plaintiff herself. And that wasn't her job, obviously. Now, the comment or suggestion that somehow we should have anticipated this argument, when you look at the docket of the state court proceeding, there is a stipulated dismissal with prejudice. It doesn't incorporate any settlement agreement, which is sometimes common. Sometimes you see a dismissal entry that says, Pursuant to the settlement or the agreement of the parties, this action is hereby terminated. There's nothing in that. There's nothing within it. We know that courts speak through entries. So when you simply look at the entry that is a matter of public record, there is nothing that communicates to anyone that there is any type of settlement that has been reached. Counsel is correct that if you look further in the docket, there's a reference to a stay order that says that there's going to be a participation in some program. But that hardly suggests that there is, in fact, a settlement. And more fundamentally, as we've said here today, that settlement is not before this court. Now, there were similar opportunities, as you saw before the trial court. The plaintiff, in responding to the motion to dismiss, filed 500 pages of materials. Now, most of it, I would suggest, is just press clippings, whatever they could gather to attach. But the district court actually went through those materials. And, of course, you've done the same thing. You've confirmed that this so-called settlement agreement doesn't exist in those materials. But you also saw that whatever they're claiming was evidence they weren't aware of. Well, it was simply matters of public record that were in the public record as of the time of the dismissal of the state court case. You can't stand before this court and suggest that somehow someone's been defrauded or there's been newly discovered evidence, when the information that they're now pointing to is a matter of public record. And it doesn't matter whether or not the plaintiff individually had the benefit of that information. It suffices that it's part of the public record. But, again, this is not a pro se litigant. This is a litigant who was represented by counsel in the state court action, who was represented by counsel in the action before the district court judge. So well-represented, well-equipped. And, contrary to the suggestions of the papers, was not a minor during the state court litigation. This is someone who was in her 30s, benefited with also not just counsel, but discovery in the state court case. Now let's go to the other point that they suggested that, again, if we have to anticipate, I would not have anticipated contractual privity as being a defense. Because when we look at New York law, we don't find a New York state court case- Now, yeah, don't go into that. Because if it were an issue before us, that would be a fascinating issue to certify. Just because there is no New York law one way or the other. So, if there were jurisdiction and the issue were before us, I think the only thing we could do, not the district court, because you can't certify from a district court in New York, but we would have to ask, hey, New York, are you really like federal MFIS or are you not? Wonderful question, if it were before us. And I had an entire argument based on that. Your Honor, I was hoping to present to you. I will pass on that opportunity. I appreciate the court's comment. May I ask this, if we're moving off of the contract privity question, on the traditional race judicata, I recognize it is not the content of the decision below hasn't been challenged as to the application of that, but it's an unusual fact pattern, isn't it, in that the complaint describes the defendants as employers, but they're really landlords. Just if I may, was the analysis correct as to traditional race judicata employer-employee privity? It was, because when you review the amended pleading, the operative one, as well as even the original one, it's not, I would disagree with the court, they're not characterizing it as landlord. There's an element of, I understand they might have cited some cases about landlord liability, but more fundamentally, they alleged over and over that it was an employer-employee relationship. And so we all know you suffer the consequences of your own judicial admissions. And so when I read the pleading, I'm like, well, that really sounds like class privity to me, because we know when we look at a legion of cases, employer-employees establishes that necessary privity for traditional race judicata. I mean, it looks as if the pleading, by using the employer-employee label, may have doomed the plaintiff with respect to traditional race judicata, but the underlying facts involving access to an authority over a building perhaps could have been pled in a different way. I'm not my brother's, I can't control what they argue. I can simply say that, like the court, when I saw those allegations, and I saw them repeated over and over, that there was an employer-employee relationship establishing that fundamental privity, that I thought it was a much easier argument to make before the district court, and that's why we elected to proceed on that basis. I have not exhausted my time, but I know to set down when I'm done, unless the court has any further questions. No, thank you very much. I'm happy to work with you. Why don't we hear from Mr. Edelstein? You've got three more minutes for rebuttal. Briefly, Judge, I'd actually like to address one statement that opposing counsel made during his argument, where he discusses a status conference in which the defense counsel stated that we, quote, that there had been a prior state court action, and then said that they were going to, anticipated making a res judicata argument based on that prior state court action. What we would submit is that as the party with the burden of proof on res judicata, if they are going to make an argument based on a state court action, they have a duty of due diligence to dig into that state court action. That there is a docket entry that this plaintiff is participating in the settlement program. There is then a stipulation, which as counsel says, does not explicitly refer to a settlement. But I would submit it is a natural question for any counsel to ask and that any judge would want to know. Isn't that a great argument to have made to the district court? To say, you know what, they're arguing traditional res judicata, traditional preclusion. Your Honor, this is a release case. That's a great argument to make to the district court. But the problem is you're making that argument to us in the first instance. That's the problem, right? Well, I would submit it was made to the district court at pages 918 through 20. Yeah, the district court should have read into it. Well, I don't think there was anything to read into it. I think that the argument that- You're making a fervor argument that they should have raised it and countered it. That somehow they, when res judicata was there, that they should have said, hey, but this isn't the traditional res judicata and here is our answer to it. And that that's what a burden on another party requires. That's your argument. That's one of our arguments, Judge. It's an interesting argument. I've never heard it before. Well, that if they are explicitly saying that there's a state court action and we're going to make a res judicata argument based on the state court action, that they have an obligation to dig in there and plead and prove that that state court action- You're saying that the wrong test was applied by the court. That's what I'm saying, Judge. And I guess the counter argument is that it was on you to tell the court, hey, you're applying the wrong standard. And I understand your argument that on your supplemental letter, 918 to 920, you did ask the court to do that implicitly. And I guess that's for us to decide. Your Honor, I would say it was explicit rather than implicit, but I agree. And I would reserve on the briefs. All right. Thank you very much. Thank you to both counsel. We will reserve decision. Thank you very much. Have a nice day.